Pearson, J.
 

 The act of 1846, ch. 68, provides, “ The registry, or duly certified copy of the record of any deed or conveyance of land for conveying the same, registered or recorded, as by the Revised Statute ch. 87, entitled “Heeds and Conveyances,” is directed, may be given in evidence in any Court of Record with
 
 *371
 
 out accounting for the original, unless,” &c. By the 28th sec. ch. 46, Revised Statutes, it is provided, “An administrator of any deceased person is fully empowered to execute a deed for any land that may have been “ bona fide ” sold and for which a bond to make title has been given,
 
 Provided,
 
 said bond be first proved in the Court of the County, where the lands are situate, and is recorded and registered in the Register’s book of said county.”
 

 The 87th chapter of the Revised Statutes requires all deeds and powers of Attorney to convey land to be registered, and directs how they are to be proven and registered.
 

 The bond, to make title, in this case, had been fully proven and registered, and the administrator had executed a deed, and the question was, could “the registry” or copy of the record of the bond be given in evidence without producing or accounting for the original, by force of the act of 1846 ?
 

 This is a remedial statute, and should be construed liberally, so as fully to effect the purposes for which it was enacted. The words are “ any deed or conveyance of land, or
 
 power of attorney
 
 for conveying the same, registered as required by the 37th chapter,” &c.
 

 The bond may not literally be a power of attorney, but the statute gives to it the force and effect of a power of attorney, requires and fully
 
 authorizes
 
 and
 
 empowers
 
 the administrator to convey the land in pursuance thereto, and directs that the bond shall be proven and registered in the manner that deeds for land and powers of attorney for conveying the same are required to be proven and registered.
 

 The plain moaning of the Statute is, that a duly certified copy of the record of any instrument which forms a part of the conveyance of land, and which is required to be registered, may be given in evidence.
 

 A construction excluding from the operation of the statute a bond, which by law is converted into, and made a power of attorney to convey land, and must be registered as such, would fall within the maxim “
 
 hceret in litera, hceret in cortice,”
 
 because the case is within the evil that the statute was made to
 
 *372
 
 remedy, and although this very mode of conveying land may not have been prominent before the eyes- of the law makers, it is clear that the intention was to include a class, and make a general rule, applicable to deeds or conveyances of land, and all and every such part thereof, as, by law, is required to be registered. There is no error.
 

 • Pee Cueiam. Judgment affirmed.